The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Does the Attorney General have the authority to require the State Auditor and Inspector to furnish experienced auditors and/or accountants to make audits, check records, and provide testimony in public utility rate cases pending before the Oklahoma Corporation Commission? "2. If the Attorney General makes request of the State Auditor and Inspector to supply such personnel, is the State Auditor and Inspector under a mandatory duty to do so? "3. If a public utility company appeals an order of the Oklahoma Corporation Commission, can the attorneys on the Commission Staff represent the Commission and the State therein without approval of the Attorney General?" 74 O.S. 18f [74-18f] (1974) provides as follows: "The Attorney General shall have authority to conduct investigations and it shall be the duty of the Department of Public Safety of the State of Oklahoma, when so directed by the Governor of the State of Oklahoma, to furnish him with investigators from the personnel of said Department, to assist in such investigations and to assemble evidence for the Attorney General in any cases to be tried or in any matters to be investigated. Likewise, it shall be the duty of the State Auditor and Inspector, upon request of the Attorney General, to furnish him with experienced auditors and/or accountants from the personnel of his department to make audits and check records for the Attorney General in and case to be tried or in and matter being investigated by the Attorney General." (Emphasis added) Upon plain reading it is apparent that the Attorney General has the authority to make such request of the State Auditor and Inspector to furnish experienced auditors and/or accountants and the State Auditor and Inspector then has the duty to supply the Attorney General with such experienced personnel, necessary to make audits and check records and provide testimony thereon in any investigation including an investigation of a public utility's rate application. Your third question pertains to the authority of Oklahoma Corporation Commission Staff Attorneys to act on behalf of the Commission and the State and whether the approval of the Attorney General is necessary before taking any action in such appeal. The Oklahoma Constitution, ArticleIX, Section 20 provides, in relevant part, as follows: "If such appeal be taken by the public utility or public service corporation affected by any such action, the State of Oklahoma shall be made the appellee, but in other appeals hereunder, the public utility or public service corporation affected shall be made the appellee. "An appeal from an order of the Corporation Commission affecting the rates, charges, services, practices, rules or regulations of public utilities, or public service corporations, shall be to the Supreme Court only, and in all appeals to which the state is a party it shall be represented by the attorney for the Corporation Commission, and the Attorney General, or his duly authorized representative." This section mandates that in all appeals by a public utility from a Commission order, the State of Oklahoma shall be made an appellee. The said section further provides that in such appeals wherein the State is a party the appellee shall be represented by the attorney for the Corporation Commission and the Attorney General or his duly authorized representative. 74 O.S. 18b [74-18b](r) (1979) provides, wherein pertinent, as follows: "Provided further, that in all appeals from the Corporation Commission to the Supreme Court of Oklahoma in which the state is a party, the Attorney General shall have the right to designate counsel of the Corporation Commission as his legally appointed representative in such appeals, and it shall be the duty of the said Corporation Commission counsel to act when so designated and to consult and advise with the Attorney General regarding such appeals prior to taking action therein." (Emphasis added) This said statutory provision is consistent with Article IX, Section 20 supra, as the Corporation Commission staff counsel is not precluded from appearing on such appeals in the Supreme Court for the Commission nor is the Attorney General precluded from appearing to represent the State, as a matter of right. The statute does, however, grant the Attorney General the authority to designate counsel of the Commission to represent the State in such appeal. Upon such designation by the Attorney General, Commission counsel has a mandatory duty to act and when so designated to consult and advise with the Attorney General prior to taking any action. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. The Attorney General has the authority to request the State Auditor and Inspector to furnish experienced auditors and/or accountants to make audits, check records and provide testimony in public utility rate cases pending before the Oklahoma Corporation Commission. 2. If the Attorney General makes request of the State Auditor and Inspector to supply such experienced personnel, the State Auditor and Inspector is under a mandatory duty to supply such experienced personnel. 3. If a public utility company appeals an order of the Oklahoma Corporation Commission, the attorneys for the Oklahoma Corporation Commission may appear on behalf of the Commission without approval of the Attorney General, however, as the State is the appellee the Attorney General is under a duty to appear and represent the State. The Attorney General in his discretion may however discharge his duty to represent the State by designating Commission counsel to act for him and under his direction. (Richard F. Berger)